IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| MICHAEL VEASEY,<br><br>Plaintiff,<br><br>v.<br><br>DONGWON AUTOPARTS TECHNOLOGY LLC,<br><br>Defendant. | ) | CIVIL ACTION NO.<br>2:26cv594-MHT<br>(WO) |

OPINION AND ORDER

Pro se plaintiff Michael Veasey filed this lawsuit against defendant Dongwon Autoparts Technology, LLC, for breach of the written settlement agreement he reached with Dongwon in *Veasey v. Dongwon Autoparts Tech., LLC, et al.*, No. 2:24-cv-814-BL-KFP. He contends Dongwon breached the settlement by paying the amount it owed him late, which caused him hardship. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed without prejudice

with instructions to file a motion to enforce settlement in his original case. There are no objections to the recommendation. However, after the objections deadline, plaintiff filed a notice that he had been and still was hospitalized. He also filed a request that the court resolve the settlement breach within 21 days.

After an independent and de novo review of the record, the court concludes that the magistrate judge's recommendation should be adopted to the extent that this case should be dismissed. However, the court finds that the case should be dismissed without prejudice for lack of subject-matter jurisdiction.

In his complaint, plaintiff had the responsibility to plead a basis for the court to exercise subject-matter jurisdiction. 28 U.S.C. § 1332 provides that federal courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

**costs, and is between—**

> **"(1) citizens of different States;**
>
> **"(2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;**
>
> **"(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and**
>
> **"(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States."**

**28 U.S.C. § 1332(a). Here, plaintiff failed to plead facts showing three things: first, that the amount in controversy in this lawsuit is over $ 75,000; second, whether he is a citizen, not just a 'resident,' of the State of Alabama; and, third, the state or foreign state each member of the defendant limited liability company is a citizen of.** ***See Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.***, **374 F.3d 1020, 1022 (11th Cir. 2004) ("To sufficiently allege the**

citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company").

Accordingly, it is ORDERED that:

(1) The recommendation (Doc. 6) is adopted to the extent stated above.

(2) This case is dismissed without prejudice for lack of subject-matter jurisdiction, with leave to replead the complaint within 28 days of the date of this order. If plaintiff does not file an amended complaint by the deadline, the case will be closed.

DONE, this the 12th day of November, 2026.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE